**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

REBECCA FLUGSTAD; BENJAMIN
FLUGSTAD,

          Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA;
DEPARTMENT OF THE INTERIOR;
UNITED STATES FISH AND WILDLIFE
SERVICE; LAEL SWANSON; JOHN
DOE SWANSON, and the marital
community composed thereof,

          Defendants-Appellees.

No.    14-35136

D.C. No. 3:13-cv-05192- RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Argued and Submitted July 8, 2016
Seattle, Washington

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:    TASHIMA, and M. SMITH, Circuit Judges, and KOBAYASHI,[**] District Judge.

Rebecca and Benjamin Flugstad sued the United States, the Department of the Interior, and the United States Fish and Wildlife Service (collectively, the "government") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, after Rebecca fell 20 feet from a trail in the Dungeness National Wildlife Refuge ("the Dungeness Refuge"), seriously injuring her back. The district court dismissed the Flugstads' claims under the discretionary function exception to the FTCA. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for further proceedings.

**1.**    The discretionary function exception to the FTCA "provides immunity from suit for '[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" *Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir. 2008) (quoting 28 U.S.C. § 2680(a)). We apply a two-part test to determine whether the discretionary function exception applies. First, we consider whether the agency's challenged conduct was discretionary. *Young v. United States*, 769 F.3d 1047, 1053

---

[**]    The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

(9th Cir. 2014).  Second, we consider "whether the particular exercise of discretion was 'of the kind that the discretionary function exception was designed to shield'" – that is, whether the decision was "grounded in social, economic, and political policy."  *Id.*  If both parts of the test are met, the courts lack jurisdiction over the claim.

2.    The Flugstads contend that the government negligently constructed the trail when, during a recent trail resurfacing project, it left portions of the trail unsupported by footboards.  This claim fails both parts of the discretionary function test.  The government's statement of work required that the project "[p]rovide a firm[,] durable, permeable tread surface" on the trail.  Because the statement of work did not specifically prescribe the use of footboards, the government's construction decisions were within its discretion.  *See Bailey v. United States*, 623 F.3d 855, 860 (9th Cir. 2010) ("[A]n agency retains discretion whether to act where no statute or agency policy dictates the precise manner in which the agency is to complete the challenged task.").  For the same reason, the Flugstads' argument based on the Architectural Barriers Act, 42 U.S.C. § 4151 *et seq.*, is unavailing:  the standards promulgated under that Act did not specify how the trail surface should be made firm and stable.  Under the first step of the discretionary function exception test, the government's conduct was discretionary.

Under the second step, implementing the trail resurfacing project required the government to balance the need to maintain the natural appearance of the Dungeness Refuge with issues of public safety, recreation, and budgetary concerns. *See* 16 U.S.C. §§ 668dd(4)(A)-(B), (H); *see also ARA Leisure Servs. v. United States*, 831 F.2d 193, 195 (9th Cir. 1987). Because the government's construction plans and decisions meet both prongs of the discretionary function exception test, the district court correctly dismissed the Flugstads' negligent construction claims for lack of jurisdiction under the FTCA.

3.     The Flugstads also contend that the government negligently maintained the trail and that the resulting erosion caused Rebecca's fall. Assuming, as we must, that when Rebecca fell she was standing on the edge of an eroding trail that crumbled beneath her,[1] the district court had jurisdiction to consider the Flugstads'

---

[1]     Whether the trail was actually eroded is a disputed issue of fact. The Flugstads' expert testified that the trail was eroding at the point where Rebecca fell. The government submitted affidavits stating that the trail was properly maintained and had not eroded. The parties also dispute where Rebecca Flugstad was standing when she fell. The Flugstads provided witness testimony indicating that Rebecca was standing on the eroded edge of the trail; other witnesses testified that she was standing in the trail's vegetated shoulder. "When the jurisdictional motion involv[es] factual issues which also go to the merits . . . the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Young*, 769 F.3d at 1052 (internal quotation marks and citations omitted). The district court erred in resolving the disputed factual issues in the government's favor before determining its jurisdiction.

negligent maintenance claim. Although aspects of trail maintenance were within the government's discretion, the decision not to maintain the trail was not grounded in social, economic, or political policy. *See O'Toole v. United States*, 295 F.3d 1029, 1036 (9th Cir. 2002) ("[A]n agency's decision to forego . . . the routine maintenance of its property – maintenance that would be expected of any other landowner – is not the kind of policy decision that the discretionary function exception protects."). The government's alleged failure to maintain the trail in this case, if proved, would constitute "ordinary garden-variety negligence." Allowing the claim to proceed would "not lead to judicial second-guessing of Park Service policy decisions." *ARA Leisure*, 831 F.2d at 196 (citations omitted). Thus, the discretionary function exception does not prevent the district court from exercising jurisdiction over the Flugstads' negligent maintenance claim, and the district court erred in dismissing this claim for lack of subject matter jurisdiction.

**AFFIRMED in part, REVERSED in part, and REMANDED** for further proceedings. Each party shall bear her, his, or its own costs on appeal.